**Bob D. STONE, Plaintiff,**

v.

**JO–ANN STORES, INC.,
et al., Defendants.**

**No. 5:99CV1474.**

United States District Court,
N.D. Ohio.

June 15, 2000.

William R. Holland, John F. Meyers, Holland & Myers, Akron, OH, for Plaintiff.

Sindy J. Policy, Thompson, Hine & Flory, Cleveland OH, Micheal J. Frantz, Micheal N.

Chesney, Frantz Ward, Cleveland OH, for Defendants.

## MEMORANDUM OPINION
## AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon the motion of the Plaintiff, Bob D. Stone ("Stone"), for enlargement and/or continuance (Dkt.# 38). In his motion, the Plaintiff has requested an enlargement of time to respond to the Defendants' summary judgment motion (Dkt.# 32) pursuant to FED. R.CIV.P. 6(b)(1), and a continuance to conduct or compel discovery pursuant to FED.R.CIV.P. 56(f). The Plaintiff has also renewed his motion to compel. (*See* Motion for Enlargement and/or Continuance at 2.) The Defendants have opposed the Plaintiff's motion (Dkt.# 41).

For the following reasons, the Plaintiff's Motion for Enlargement and/or Continuance (Dkt.# 38), and the renewed motion to compel contained therein, are DENIED.

## PROCEDURAL HISTORY

On October 25, 1999, this Court entered a Case Management Order (Dkt.# 16) which set a discovery deadline of March 8, 2000. On March 9, 2000, the Plaintiff filed a motion for an extension of the discovery deadline (Dkt.# 22) which the Defendants did not oppose. On March 10, 2000, a status conference was held and the Court ordered discovery completed by March 27, 2000 (Dkt.# 23). The Plaintiff had approximately five months to complete discovery in this breach of contract and fraud case.

The Court was only made aware of the existence of a discovery dispute between the parties when the Plaintiff filed a Motion to Compel Discovery (Dkt.# 29) on April 10, 2000. Because the Plaintiff failed to comply with Local Civil Rule 37.1, the motion to compel was marginally denied by the Court.

On May 25, 2000, the same day the Plaintiff's response to the pending summary judgment motion was due,[1] the Plaintiff filed his Motion for Enlargement and/or Continuance (Dkt.# 38). The Defendants have opposed this motion.

## ANALYSIS

The Plaintiff has asserted two separate and distinct reasons for seeking an enlargement of time, or alternatively a continuance, under the Federal Rules of Civil Procedure. The Court will consider each in turn.

### *Request for Enlargement Pursuant to Fed. R.Civ.P. 6(b)(1)*

█ The Plaintiff has moved the Court for an enlargement of time to respond to the Defendants' summary judgment motion pursuant to FED.R.CIV.P. 6(b)(1). FED.R.CIV.P. 6(b) states:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request is made before the expiration of the period originally prescribed or as extended by a previous order, . . . .

Plaintiff's Counsel asserts in his Declaration that he was "reasonably unable to address fully the issues in the [Defendants' Motion for Summary Judgment]" in the time allotted for such response.[2] Plaintiff's Counsel also cites the dissolution of his association with two other attorneys formerly of record in this case and his preoccupation with other cases pending before the Court and in State court. (*See* Plaintiff's Counsel's Declaration ¶ 2.)

The Plaintiff has not shown good cause why an enlargement of time should be granted to respond to the Defendants' summary

---

1. Local Civil Rule 7.1(e) states: Each party opposing a motion shall serve and file a memorandum in opposition within ten (10) days after service of the motion, excluding intermediate Saturdays, Sundays, and legal holidays. Three additional days are generally provided for service.

2. The Defendants' filed their Motion for Summary Judgment (Dkt.# 32) on May 8, 2000, and the Plaintiff had until May 25, 2000, to respond.

judgment motion. Plaintiff's Counsel filed his Motion for Enlargement and/or Continuance (Dkt.# 38) on the day his response to the Defendants' summary judgment motion was due. It is readily apparent from Plaintiff's Counsel's Declaration that the reasons stated in support of his request for an enlargement of time were known to him well before the due date of his response. (*See* Plaintiff's Counsel's Declaration ¶ 2.) Plaintiff's Counsel could have easily alerted opposing counsel and the Court of the need for an enlargement of time before filing his combined Motion for Enlargement and/or Continuance. Furthermore, Attorney William Holland has been the only counsel to appear at court proceedings on behalf of the Plaintiff despite the listing of his associates on the record. Although the Court recognizes that the press of business sometimes necessitates an enlargement of time, Plaintiff's Counsel again should not have waited to the last possible moment to file his request. Because more than ten days have already elapsed since the due date of the Plaintiff's response to the summary judgment motion, the Court finds that an additional enlargement of time to respond is inappropriate and will delay this Court's consideration of the matter.

### Request for a Continuance Pursuant to Fed.R.Civ.P. 56(f)

■ The Plaintiff has alternatively moved this Court for a continuance to conduct further discovery pursuant to FED.R.CIV.P. 56(F).[3] FED.R.CIV.P. 56(F) states:

---

**3.** It must be noted that the Plaintiff has cited only two cases in support of his Motion for Enlargement and/or Continuance (Dkt.# 38). In *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir.1994), the Sixth Circuit held that "a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery." Stated positively, summary judgment is proper where the non-movant is given a full opportunity to conduct discovery and the requirements of Fed. R.Civ.P. 56(c) have been met. Although the Court is not deciding the merits of the Defendants' summary judgment motion, the Court will determine whether the Plaintiff has been afforded a full opportunity to conduct discovery in this matter.

Additionally, the Plaintiff cites *Berkeley v. Home Insurance Co.*, 68 F.3d 1409 (D.C.Cir. 1995), for the proposition that "Rule 56(f) motions should be granted 'almost as a matter of

---

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Plaintiff cannot assert Rule 56(f) as "a shield that can be raised to block a motion for summary judgment without even the slightest showing ... that his opposition is meritorious." *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 409 (6th Cir.1998). Furthermore, "The nonmoving party must show how postponement of a ruling on the motion will enable him to rebut the motion for summary judgment." *Id.*

The Plaintiff, having had a full and fair opportunity to conduct discovery in this matter,[4] cannot meet the requirements of Rule 56(f). The Plaintiff has not demonstrated "why he [cannot] oppose the summary judgment motion by affidavit," nor has he even made a cursory presentation of how the evidence he is seeking would allow him to successfully oppose such a motion. *See Lewis*, 135 F.3d at 409; *see also Emmons v. McLaughlin*, 874 F.2d 351, 356–57 (6th Cir. 1989). The Plaintiff claims that he has not received a complete copy of his personnel file, a Jo–Ann Stores, Inc. employee handbook, and a Jo–Ann Stores, Inc. personnel policy manual.[5] Additionally, the Plaintiff

---

course unless the non-moving party has not diligently pursued discovery of the evidence.' " *Id.* at 1414 (*citing Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 n. 4 (5th Cir.1992)). However, as is discussed *infra*, the Plaintiff has not diligently pursued discovery in this matter.

**4.** This Court granted the Defendant's request for an extension of the discovery deadline and gave the Plaintiff five more days than initially requested up to and including March 27, 2000. (*See* Pl.'s Unopposed Mot. for Extension of Discovery Period (Dkt.# 22), and the Court's March 10, 2000, Order setting forth the case schedule (Dkt.# 23).)

**5.** Defense Counsel, Sindy J. Policy, in a letter dated March 16, 2000, informed Plaintiff's Counsel that a copy of the employee handbook was previously provided to him during the Plaintiff's

complains that he was unable to schedule the deposition of a fourth individual defendant, John Hermsen ("Hermsen"), before the discovery deadline.[6] The Plaintiff, however, has not established any link between the discovery he seeks and the breach of contract and fraud claims he is presenting to the Court. As such, the Plaintiff's Rule 56(f) motion is lacking the requisite specificity and a continuance is not warranted.

■ Furthermore, the Plaintiff's Motion for Enlargement and/or Continuance pursuant to Rule 56(f) is a veiled attempt to skirt Local Civil Rule 37.1. On April 10, 2000, the Plaintiff moved to compel discovery (Dkt.# 29). In his motion to compel, the Plaintiff asserted that the Defendants had been recalcitrant in their refusal to turn over certain documents and to make available an individual defendant for deposition. The Court denied the Plaintiff's motion for failure to comply with Local Civil Rule 37.1. Local Civil Rule 37.1 sets forth a very specific procedure for resolving discovery disputes. A party must undertake the following steps before a Judicial Officer can become involved: (1) counsel for the party seeking the disputed discovery must make a good faith effort to resolve the dispute and certify that effort to the Court; (2) the Judicial Officer may then conduct a telephone conference to settle the dispute; (3) if the initial intervention of the Judicial Officer fails, the parties are required to submit their positions by letter to the Court and the Judicial Officer shall again attempt to resolve the matter; (4) if the second intervention of the Judicial Officer fails, the parties may then file memoranda in support of and in opposition to the requested discovery and a hearing will be scheduled. A party cannot file a motion to compel if it does not meet the above requirements. The Plaintiff absolutely failed to meet the requirements of Local Civil Rule 37.1 before filing his motion to compel.

The Plaintiff now seeks a continuance under Rule 56(f) so that he may obtain *the*

*same information* he sought from the Defendants in his motion to compel. Had the Plaintiff complied with Local Civil Rule 37.1, any discovery dispute that existed with regard to Hermsen's deposition or the production of documents would have been resolved by the Court. The Plaintiff's failure to comply with the well-established procedures for resolving discovery disputes under Local Civil Rule 37.1 cannot be remedied by a Rule 56(f) motion. Under the circumstances, to allow the Plaintiff to re-open discovery pursuant to Rule 56(f) would eviscerate Local Civil Rule 37.1 and reward the non-complying party. As such, a continuance to conduct further discovery is not warranted.

### *Plaintiff's Renewed Motion to Compel Discovery*

The Plaintiff has renewed his motion to compel in his Motion for Enlargement and/or Continuance (Dkt.# 38). As this Court has already held, the Plaintiff has failed to comply with the requirements of Local Civil Rule 37.1 which governs the resolution of discovery disputes. Furthermore, the Plaintiff's renewed motion to compel, in the context of his Motion for Enlargement and/or Continuance, evidences his attempt to use Fed. R.Civ.P. 56(f) to skirt Local Civil Rule 37.1. The Plaintiff simply cannot renew his motion to compel at this stage of the proceedings.

### CONCLUSION

Accordingly, the Court having found that good cause does not exist for an enlargement of time to respond; that the Plaintiff was afforded a full and fair opportunity to conduct discovery; and that the Plaintiff failed to pursue his remedies under the Local Civil Rules governing discovery disputes, the Plaintiff's Motion for Enlargement and/or Continuance (Dkt.# 38) is **DENIED.** Additionally, the Plaintiff's renewed motion to compel contained within his Motion for Enlargement and/or Continuance is **DENIED.**

---

State court lawsuit against the Defendants. Further, the letter indicates that an additional copy of the employee handbook was enclosed at that time in an effort to accommodate Plaintiff's Counsel.

**6.** Hermsen has been a named defendant in this case since the time it was filed on June 21, 1999. The Plaintiff, by his own admission, waited until March 22, 2000, five days before the close of discovery, to attempt to schedule his deposition.

The Plaintiff shall have five (5) days from the date of this order to file a response to the Defendants' Motion for Summary Judgment (Dkt.# 32). No extensions shall be granted.

IT IS SO ORDERED.